IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY CONTRERAS,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | No. C 06-6017 MEJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

The Court is in receipt of Plaintiff's Motion for Leave to File Motion for Reconsideration, filed February 10, 2009. (Dkt. #20.) In her motion, Plaintiff argues that the Court used an improper standard of review on several issues in its January 27, 2009 *Order Denying Plaintiff's Motion for Summary Judgment; Order Granting Defendant's Cross-Motion for Summary Judgment* ("Order"). (Dkt. #18.) Upon review of Plaintiff's motion, the Court hereby DENIES leave to file a motion for reconsideration for the following reasons.

**A.  Symptom Reporting**

Plaintiff first argues that the Court used an improper standard in reviewing the credibility of her symptom reporting. Specifically, Plaintiff argues that the Court failed to use the "clear and convincing" standard required by the Ninth Circuit. However, in making this argument, Plaintiff cites to the Court's concluding paragraph for this section of its Order. (Order at 14:3-5

1  ("Accordingly, the Court finds that ALJ Blume made specific findings justifying a decision to
2  disbelieve Plaintiff's allegations of excess pain, and those findings are supported by substantial
3  evidence in the record. The Court must not engage in second-guessing. *Fair*, 885 F.2d at 604."))
4  This concluding paragraph refers to the general standard for a Social Security appeal, as referenced
5  earlier in the Court's Order. (Order at 4:21 - 5:7.) In its credibility analysis, the Court utilized the
6  proper clear and convincing standard. (*See* Order at 12:4-12 ("Thus, the ALJ cannot discount a
7  claim of "excess pain" without making "specific findings justifying that decision." *Johnson*, 60 F.3d
8  at 1433 (citing *Fair*, 885 F.2d at 602). "These findings must be supported by clear and convincing
9  reasons why the claimant's testimony of excess pain was not credible, and must be supported by
10 substantial evidence in the record as a whole." *Johnson*, 60 F.3d at 1433.")). The Court then
11 reviewed the clear and convincing reasons provided by the ALJ and found that they were supported
12 by the record as a whole. (*See* Order at 12:18 - 13:14.) Accordingly, the Court finds reconsideration
13 on this issue unnecessary.

14 **B.    Lay Testimony**

15     Plaintiff's second argument is that the Court applied an improper "harmless error" legal
16 standard in considering the lay testimony of her husband. Specifically, Plaintiff refers to the
17 following portion of her husband's testimony: "very often she will atempt [sic] a chore and will
18 quickly tire or be in pain." (Administrative Record ("AR") 121). Plaintiff argues that this statement
19 is not cumulative of Plaintiff's testimony, and therefore it was not harmless for the ALJ to exclude it.
20 However, as noted in the Court's Order, Plaintiff's husband's testimony was largely cumulative and
21 not outcome determinative. Plaintiff's husband "corroborated that Plaintiff took the children to and
22 from school, had difficulty sleeping, cooked, received assistance with cooking, shopping and
23 cleaning, had "no difficulties" with social functioning, visited family and friends once a week, had
24 difficulty concentrating due to migraines, and very often tired quickly when attempting chores."
25 (Order at 13:21-26.) As to the specific testimony to which Plaintiff refers, the ALJ recognized that
26 Plaintiff required assistance with certain activities, (AR 28), and properly considered this limitation
27 in his determination that the evidence did not support a disability determination. Accordingly, as
28

discussed in the Court's previous Order, it is clear from the record that the ALJ's error in omitting this cumulative testimony was "inconsequential to the ultimate non-disability determination." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Comm'r*, *Social Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir.2006)).

**C.     Medical Diagnostic Evidence**

Plaintiff next argues that the Court used an improper standard when evaluating the findings that there was no medically determinable fibromyalgia or spine disc disease. Once again, however, Plaintiff references a general legal standard repeated in the concluding paragraph of the Court's diagnostic evidence analysis. (*See* Order at 8:26 - 9:2 ("Thus, the Court finds that ALJ Blume's decision is supported by substantial evidence which a reasonable person could accept as adequate. Accordingly, the ALJ's decision is rational and the Court must uphold the decision. *Magallanes*, 881 F.2d at 750.") However, the proper focus is on the Court's standard and analysis as articulated earlier in the Order. (*See* Order at 6:2 - 8:26.) Accordingly, this argument is also without merit.

**D.     Treating Physician**

Finally, Plaintiff argues that the Court used an improper legal standard in reviewing the ALJ's decision to reject the opinion of her treating physician. In reviewing the ALJ's decision, the Court utilized the standard articulated by the Ninth Circuit in *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (if contradicted by another doctor, the opinion of a treating physician can be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.). *See* Order at 9:10-18. Plaintiff does not appear to argue that this standard is incorrect; instead, she argues that the Court did not examine nor rule on why the ALJ failed to consider the regulations about specialist's opinions from 20 C..F.R. § 404.1527(d)(5). Section 404.1527(d)(5) provides as follows: "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." However, it is unclear how this provision changes the Court's analysis. While it is true that more weight should *generally* be given to the opinion of a specialist, this is not an absolute. As articulated in *Lester*, the ALJ may still reject an opinion for specific and legitimate reasons. Plaintiff provides no authority to

3

1  the contrary.  Accordingly, as the ALJ provided specific and legitimate reasons, (*See* Order at 9:24 -
2  10:25), reconsideration on this issue is also unnecessary.
3  **IT IS SO ORDERED.**
4
5  Dated: February 11, 2009

    _____
    MARIA-ELENA JAMES
    United States Magistrate Judge

4